**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

**MARK H. CONNER**
**JUDGE**

**Sussex County Courthouse**
**1 The Circle, Suite 2**
**Georgetown, DE 19947**

February 6, 2024

Richard A. Forsten, Esq.
Pamela J. Scott, Esq.
Saul Ewing LLP
1201 Market Street Suite 2300
Wilmington, DE 19801
*Attorney for Defendant Stafford Street*
*Capital, LLC.*

Bradley S. Eaby, Esq.
Deputy Attorney General
Department of Justice
800 South Bay Road
Dover, Delaware 19901
*Attorney for Plaintiff*
*DelDOT.*

John W. Paradee, Esq.
Baird Mandalas Brockstedt & Federico
LLC
6 South State Street
Dover, DE 19901
*Attorney for Defendant PITB, LLC*

RE:  **DelDOT v. PITB, LLC et. al.**

  **C.A. No. S21C-07-016 MHC**

Submitted: December 29, 2023

Decided: February 06, 2024

Dear Counsel,

Before the Court is PITB, LLC's ("PITB") and Stafford Street Capital, LLC's ("Stafford Street") motion for instructions. After reviewing the party's briefings on the issues and conducting substantial research on both mandatory and persuasive authority, I have reached the following conclusions. First, Delaware Court's must follow the Unit Rule (also referred to as the Undivided Fee Rule) when determining the fair market value of a property comprised of multiple interests or estates in a condemnation action. Second, income generated from billboards is business income, not rental income, and therefore not compensable in a condemnation action.

To keep Delaware highway projects eligible for federal funding our General Assembly bound itself in 1971 to the Federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("Uniform Act").[1] The Uniform Act's regulations "set[] forth the requirements for real property acquisition appraisals for Federal and federally-assisted programs."[2] The regulation specifies that "[a]ppraisals are to be prepared according to these requirements, which are

---

[1] 126th General Assembly, 58 Del. Laws, c. 413, SB 626. "WHEREAS, the Federal Uniform Relocation Assistance and Real Property Acquisition Act of 1970 establishes a new and different program of relocation assistance and uniform real property acquisition policy; and … WHEREAS, continued eligibility of the State of Delaware for various types of Federal Aid is made contingent open compliance with the terms and provisions of the Uniform Relocation Assistance and Real Property Acquisition Act of 1970."

[2] 49 C.F.R. § 24.103(a).

intended to be consistent with the Uniform Standards of Professional Appraisal Practice (USPAP)."[3]

The USPAP dictates:

> When analyzing the assemblage of the various estates or component parts of a property, an appraiser must analyze the effect on the value, if any, of the assemblage. An appraiser must refrain from valuing the whole solely by adding together the undivided values of the various estates or components.[4]

DelDOT "may have appraisal requirements that supplement USPAP requirements, including, to the extent appropriate, the Uniform Appraisal Standards for Federal Land Acquisitions (UASFLA)."[5]  The UASFLA states:

> There are several aspects of the unit rule that are important for appraisers to understand in developing appraisals under these Standards. The unit rule requires valuing property rather than by the sum of the values of the various interests into which it has been carved- such as lessor and lessees, or life tenant, and the holder of the remainder. This requirement holds true in circumstances where the physical components of the property are held under different ownership such as the surface estate, mineral rights, water rights or timber. Even when the physical components of the property are under the same ownership, it is improper to separately value the various components improvements, minerals, standing timber, crops and land and add them up. The procedure results in an improper <u>summation</u> or <u>cumulative appraisal</u>, which is inconsistent with both federal appraisal standards and USPAP.[6]

---

[3] *Id.*
[4]  Uniform Standards of Professional Appraisal Practice, 2020-2021 Edition, Standards Rule 1-4(e).
[5]  49 *C.F.R.* § 24.103(a).
[6]  Uniform Appraisal Standards for Federal Land Acquisitions, 6th Ed., §1.2.7.3.2, p. 16.

Under Delaware Law, "…the intention of the legislature should be controlling… it is the duty of the Court to consider the particular language of the statute, the subject matter, the purpose for which the statute was enacted and its importance, the relation of that provision to the general object intended to be secured by the act and the consequences of contrary construction."[7] Our General Assembly decided via legislative action that eligibility for federal highway project funding was worth being bound to the aforementioned federal regulations. As such it was the General Assembly's intent that condemnation actions in Delaware must comply with the Uniform Act and consequently the Unit Rule when determining the fair market value of properties in such actions.

As for the issue of billboard income, the Court acknowledges that jurisdictions such as Arkansas, Virginia, North Carolina, and others have found that billboard income is compensable rental income in condemnation actions. However, other jurisdictions (disregarded by counsel for Stafford Street in their initial briefings) have found billboard revenue to be non-compensable business income in condemnation actions.

The jurisdictions, discovered by Plaintiff's counsel and the Court include, but are not limited to, Indiana ("…a billboard can be relocated to another appropriate

---

[7] *City of Dover v. Cartanza*, 541 A.2d 580, 583 (Del. Super. Ct. 1988). (citing *State ex rel Stabler v. Whittington*, 290 A.2d 659, 661 (Del. Super. Ct. 1972)).

location and continue to produce the same or similar income."),[8] Connecticut ("[b]illboards can be removed from the condemned property and placed on another site, and the income they generate from the advertising placed on them can also be replicated on another site."),[9] Kansas ("[b]ut location alone, no matter how unique, does not create revenue."),[10] Pennsylvania ("…Outdoor could obtain a lease of comparable location for the same amount of rent, construct its billboards at that location, with the award for the replacement value of the billboards and realize an identical income flow."),[11] Texas ("…appraisal based on billboard advertising income impermissibly compensates for business profits."),[12] and several others.[13] For the reasons set forth below Delaware joins these jurisdictions.

When assessing the fair market value of a property in condemnation actions Delaware Courts have adopted a modern liberal approach allowing "proof of value by any techniques or methods which are generally considered acceptable in the financial community…."[14] These techniques and methods "cannot be employed in

---

[8] *State v. Bishop*, 800 N.E.2d 918, 926 (Ind. 2003).

[9] *Comm'r of Transp. v. Rocky Mountain, LLC*, 894 A.2d 259, 284 (Conn. 2006).

[10] *City of Wichita v. Denton*, 294 P.3d 207, 221 (Kan. 2013).

[11] *In re Urban Redevelopment Auth. of Pittsburgh, Allegheny Cnty.*, 272 A.2d 163, 165 (Pa. 1970).

[12] *State v. Cent. Expressway Sign Associates,* 302 S.W.3d 866, 872 (Tex. 2009).

[13] Although not an exhaustive list other jurisdictions include Kentucky (*City of Newport Mun. Hous. Comm'n v. Turner Advert., Inc.,* 334 S.W.2d 767 (Ky. 1960)), Ohio (*Wray v. Stvartak*, 700 N.E.2d 347 (Ohio Ct. App. 1997)), Louisiana (*State Dep't of Transp. & Dev. v. Chachere,* 574 So. 2d 1306 (La. Ct. App.), writ denied, 580 So. 2d 667 (La. 1991)), and Missouri (*State ex rel. Missouri Highway & Transp. Comm'n v. Quiko*, 923 S.W.2d 489 (Mo. Ct. App. 1996)).

[14] *State v. Roseann H. Harkins Revocable Tr. Dated October 26, 1994*, 732 A.2d 246, 250-251 (Del. Super. Ct. 1997) (citing *Weinberger v. UOP, Inc.*, 457 A2d 701, 713 (Del. 1983)).

a speculative manner."[15] It is well settled Delaware law that "in determining constitutional 'just compensation', the owner is not entitled to recover compensation for a destruction of a business being conducted on the land taken."[16] This Court has clarified that even under our modern liberal approach Delaware law precludes recovery for business lost income.[17]

Well aware that lost business income is not compensable, learned counsel for Stafford Street argues that they rent billboard space and therefore the income generated from their billboard is compensable rental income as opposed to non-compensable business income. To support this, they contend that a billboard is akin to that of an apartment, office building, or shopping center in that it generates revenue by collecting rent. However, unlike occupiable fixtures to real property such as apartments, office buildings, and shopping centers, "a billboard is not permanent improvement to the property in that it can be easily removed at minimal cost."[18] This principal of Delaware law is demonstrated in the case at hand by Stafford's removal of the billboard from their interest on the condemned property.

In Delaware condemnation actions, "the owner is not entitled to the compensation for the taking or even destruction of the business, because the business

---

[15] *Roseann H. Harkins Revocable Tr. Dated October 26, 1994*, 732 A.2d. 246, 251 (Del. Super. Ct. 1997).

[16] *State ex rel. Sec'y of Dep't of Highways & Transp. v. Davis Concrete of Delaware, Inc.*, 355 A.2d 883, 886 (Del. 1976).

[17] *State v. Catawba Associates*, 2005 WL 481390, at *3 (Del. Super. Ct.).

[18] *Voshell v. Bd. of Adjustment of Kent Cnty.,* 1995 WL 656802, at *3 (Del. Super. Ct.).

is entirely distinct from the market value of the land upon which it is conducted…."[19] Accordingly, the income generated from moveable personal property, such as billboards, is distinct from the land upon which they sit and therefore not compensable under our system of condemnation. This is distinguishable from occupiable fixtures to real property such as office buildings, shopping centers, and apartments who's fixture to the realty is such that its rental income is not distinct from the value of the land itself. In other words, business income is not compensable in condemnation actions because of the moveable nature of a business and billboards, like businesses, are moveable.

It may seem obvious that the location of a billboard is pivotal to its income generating potential, however, the location of any business is pivotal to its potential to generate income. In *Davis Concrete* the Delaware Supreme Court did not permit recovery based on loss of business despite defendant's business being operated at an "ideal location."[20] These results may seem harsh, but our Supreme Court has acknowledged "the rule excluding loss of a business as an element of constitutional 'just compensation' often works great hardship."[21] Taking into account such hardships, to ensure constitutional just compensation the Court entitles the presentation of evidence of:

---

[19] *Catawba Associates,* 2005 WL 481390, at *2.
[20] *Davis Concrete of Delaware, Inc.*, 355 A.2d 883, n.3.
[21] *Id.* at 886.

…not only the general and naturally adapted uses of the property, but also any special value due to its adaptability for a particular special use, and proof of fair market value permits proof of all valid elements of value, including such facts as the owner would properly and naturally use to influence a prospective purchaser.

Accordingly, although the value of a business conducted upon the real property condemned may not be considered a separate and independent element of damage to be added to the value of the real property taken, it may be considered as a factor bearing upon the fair market value of the realty. Thus, the special value of land, owing to its adaptability for use in a particular business, is an element which the owner of the land is entitled to have considered in the determination of the amount to be paid as just compensation for the taking of the land. In particular, the existence of a going business on the land may be considered as indicative of the highest economic use to which the land may be put. But the emphasis must not be on the loss of the business Per se; it must be on the impact of its existence as a use which tends to enhance the market value of the land.[22]

This approach is in line with other states who have ruled that income generated from billboards is non-compensable business income.[23]

In conclusion, in Delaware parties must comply with the Unit Rule as it appears in the relevant federal regulations when assessing the fair market value of a property that is an assemblage comprised of multiple ownership interests or estates, as is the matter at hand. Further, parties may use any approach that is non-speculative and generally accepted in the financial community to determine the fair market value of the condemned property but may not present evidence of loss of income from the

---

[22] *Davis Concrete of Delaware, Inc.,* 355 A.2d 883*,* 887 (internal citations omitted).
[23] *Cent. Expressway Sign Associates*, 302 S.W.3d 866, 874. "…[T]he trial court should not allow evidence of valuation based on advertising income. General estimates of what the property would sell for considering its possible use as a billboard site are acceptable."

business of operating a billboard on the property.  The parties are further instructed to return to case scheduling to establish a new trial date.

Sincerely,

*/s/ Mark H. Conner*

Mark H. Conner
Judge

cc: Prothonotary